FILED
CLERK, U.S. DISTRICT COURT

APR 1 3 2009

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RICKY BROWN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>T. PEREZ, WARDEN<br><br>　　　　Respondent. | Case No. CV 09-01837 VAP (AN)<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |

## I. BACKGROUND

Before the Court is a Petition for a writ of habeas corpus ("Petition") brought by Ricky Brown ("Petitioner"), a state prisoner proceeding *pro se*. The Petition is brought pursuant to 28 U.S.C. § 2254 and it raises two claims directed at Petitioner's 2004 conviction for second degree murder while personally using a firearm and related sentence that he sustained following a jury trial in the California Superior Court for Los Angeles County (case no. TA075005). (Pet. at 2.) For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

## II. DISCUSSION

### A. Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

### B. Statute of Limitations

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court, because the Petition was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

|   |   |
|---|---|
| 1 | The face of the Petition and relevant state court records[1] show Petitioner |
| 2 | sustained his underlying conviction on November 2, 2004, and was sentenced on |
| 3 | February 23, 2005. (Pet. at 2; Official records of California courts.) The Petition and |
| 4 | relevant state court records also establish that the California Supreme Court (case no. |
| 5 | S139385) denied his petition for review on January 4, 2006, and that Petitioner never |
| 6 | filed a petition for certiorari with the United States Supreme Court. (Pet. at 3; Official |
| 7 | records of California courts.) Therefore, for purposes of AEDPA's limitation period, |
| 8 | Petitioner's judgment became final on April 4, 2006, the ninetieth day after the state |
| 9 | high court denied his petition for review and the last date for him to file a petition for |
| 10 | certiorari with the Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. |
| 11 | 1999). The statute of limitations then started to run the next day, April 5, 2006, and |
| 12 | ended a year later on April 4, 2007. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v.* |
| 13 | *Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run |
| 14 | on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Petitioner did |
| 15 | not sign, date, and constructively file his pending Petition in this matter until March |
| 16 | 7, 2009[2] -- 703 days after the expiration of the limitation period. |

---

[1] The Court takes judicial notice of Petitioner's records in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

[2] Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The mailbox rule also applies to *pro se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The pending Petition was filed by the Clerk on March 17, 2009, however, for purposes of the timeliness analysis, the Court gives Petitioner the benefit of the doubt by assuming he constructively filed the Petition on March 7, 2009, the date he signed the Petition and his accompanying proof of service. (Pet. at 8; Proof (continued...)

1  Accordingly, absent some basis for tolling or an alternative start date to
2  AEDPA's limitations period under 28 U.S.C. § 2244(d)(1), the pending Petition is
3  time-barred.

**C.  Statutory Tolling**

    **1.  State Habeas Petitions**

AEDPA provides a statutory tolling provision that suspends the limitation period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The limitation period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). On collateral review, however, "intervals between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the scope of the statutory word 'pending'" thus tolling the limitations period. *Saffold*, 536 U.S. at 221, 223; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006) (*citing Saffold*).

On July 21, 2006 -- 104 days after the one-year limitation period started to run on April 4, 2006 -- Petitioner filed his first state habeas petition with the court of appeal, leaving 261 days remaining before the limitation period expired. Under AEDPA, Petitioner is not entitled to statutory tolling for this 104-day period because there was no case "pending" during this interval. *See Thorson*, 479 F.3d at 646; *Nino*, 183 F.3d at 1006.

---

2/ (...continued) of Service.)

Petitioner is entitled to statutory tolling from July 21, 2006, to October 27, 2006, the 98-day period during which his first and second state habeas petitions were pending and later denied in the court of appeal (case no. B192463, B193777). (Pet. at 4; Official records of California courts.) 28 U.S.C. § 2244(d)(2); *Bonner*, 425 F.3d at 1148. Given 98 days of statutory tolling, the limitation period was extended from April 4, 2007, to July 11, 2007.

Petitioner then waited until July 30, 2007 -- another 276 days after his second state habeas petition was denied on October 27, 2006 -- to file his third state habeas petition with the state high court.[3] Based upon *Chavis*, the Court finds this unexplained, unjustified 276-day delay unreasonable under California law.

In *Chavis*, the United States Supreme Court held that, in the absence of a clear

---

[3] The California Supreme Court denied Petitioner's third habeas petition on January 23, 2008, with pinpoint citations to *In re Swain*, 34 Cal. 2d 300, 304 (1949) and *People v. Duvall*, 9 Cal. 4th 464, 474 (1995). (Official records of California courts.) The Court notes that citations to *Swain* and *Duvall* constitutes denials based on a procedural defect and do not constitute denials on the merits or on untimeliness grounds. Specifically, a state court order denying a habeas petition based upon *Duvall* and *Swain* indicate the state court found the petition raised a claim that was procedurally defective due to the petitioner's failure to "allege with sufficient particularity the facts warranting habeas relief." *King v. Roe*, 340 F.3d 821, 823 (9th Cir. 2003), *abrogated on other grounds by Chavis*, 546 U.S. at 189, *as recognized by Waldrip*, 548 F.3d at 733-35; *see also Gaston v. Palmer*, 417 F.3d 1030, 1039 (9th Cir. 2005) (characterizing a denial order based on *Swain* and *Duvall* as the equivalent of "the grant of a demurrer with leave to refile" under California law, namely, "a holding that [the petitioner] has not pled facts with sufficient particularity"), *as modified on other grounds by* 447 F.3d 1165 (9th Cir. 2006); *see also Rosales v. Dawson*, No. SACV 08-174-DSF (AGR), 2008 WL 5233197, at *5 (C.D. Cal. Dec. 12, 2008) (same). Accordingly, this Court must determine whether Petitioner's third state habeas petition was "properly filed" within the meaning of § 2244(d)(2) and, therefore timely. *Chavis*, 546 U.S. at 198 (Where a state court denies a habeas petition without a "clear indication" that the petition was timely or untimely, a federal habeas court "must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness.")

| | |
|---|---|
| 1 | direction or explanation from the California Supreme Court as to what constitutes a |
| 2 | "reasonable time" (or the legislative enactment of a determinate time limit), federal |
| 3 | courts must conduct a case-by-case determination of whether the subject filing delay |
| 4 | "was made within what California would consider a 'reasonable time.'" *Chavis*, 546 |
| 5 | U.S. at 198-99. The Supreme Court applied the foregoing principles and found "a |
| 6 | totally unexplained, hence unjustified" period of at least six months filing delay to be |
| 7 | unreasonable under California law. *Id.* at 201. The Supreme Court stated: |

> [s]ix months . . . is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court. (citation omitted). It is far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court (citation omitted). We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing delay 'reasonable.' Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word 'pending' as interpreted in *Saffold*."

*Id.* Additionally, the Supreme Court provided the following guidance for determining timeliness:

> [T]he Circuit must keep in mind that, in *Saffold*, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of other States, i.e., that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules.

*Id.* at 199-200 (*citing Saffold*, 536 U.S. at 222-23); *see also* Cal. R. Ct. 28(e)(1) (allowing only ten days to file a petition for review of a decision by the court of appeal, including habeas corpus decisions.)

In light of *Chavis*, and based on Petitioner's failure to set forth in his Petition, accompanying Memorandum, and attached exhibits any facts or explanation for the significant delay, this Court finds that Petitioner is not entitled to statutory tolling for the unexplained and unjustified 276-day delay between the denial of his second state habeas petition in the court of appeal and the filing of his third habeas petition in the state high court. It is clearly "longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court," and "far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court." *Chavis*, 546 U.S. at 199-200 (finding no bright line rule, but determining six month delay not reasonable); *Gaston v. Palmer*, 447 F.3d 1165, 1167 (9th Cir. 2006) (10, 15, and 18 months delay unreasoanble); *Wilson v. Evans*, No. CV 07-7978-MMM (SH), 2009 WL 890721, at *3 (C.D. Cal. Mar. 31, 2009) (111-day delay unreasonable); *Forrister v. Woodford*, No. 1:05-CV-00170 LJO WMW HC, 2007 WL 809991, at *2-3 (E.D. Cal. Mar. 15, 2007) (88-day delay unreasonable); *Ray v. Marshall*, No. CV F 06-1898 DLB HC, 2007 WL 3096157, at *3-4 (E.D. Cal. Oct. 22, 2007) (139-day delay unreasonable); *Jackson v. Ollison*, No. 06-CV-1123-IEG(AJB), 2007 WL 433188, at *5 (S.D. Cal. Jan. 23, 2007) (8-month delay unreasonable).

Accordingly, Petitioner is not entitled to statutory tolling for his remaining three habeas petitions filed in both state appellate courts because they were filed after the extended expiration of the statute of limitations period, and have no tolling consequence.[4] *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254 does not permit the reinitiation of the limitations period that has

---

[4] *See Brown (Ricky Lavon) on H.C.*, No. S154903, Cal. Supreme Ct. (filed July 30, 2007, denied Jan. 23, 2008); *Brown v. The People*, No. B208990, Cal. App. Ct., 2nd Dist./Div. 1 (filed July 3, 2008, denied July 18, 2008); *Brown (Ricky Lavon) on H.C.*, No. S165575, Cal. Supreme Ct. (filed July 31, 2008, denied Jan. 28, 2009). (Pet. at 3-4; Official records of California courts.)

ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (stating that filing of state petition after AEDPA's one-year time period has elapsed bars federal habeas review); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled"). Therefore, the two claims raised in the instant Petition are untimely by 605 days (the amount of untolled time between the extended limitation deadline (07/11/07) and the Petition's constructive filing date (03/07/09).)

### 2. 2007 Federal Proceedings[5]

On April 2, 2007, Petitioner, through his retained counsel, filed a federal habeas petition in this Court ("2007 Petition") that raised two claims. (Case No. CV 07-02155 VAP (AN), dkt. #1.) On April 10, 2007, pursuant to the Court's duty to screen habeas petitions before service,[6] the 2007 Petition was dismissed without prejudice and with leave to file a First Amended Petition ("FAP") because both claims were unexhausted. (04/10/07 Minute Order, dkt. #3.) On April 20, 2007, Petitioner responded to the 04/10/07 Minute Order by filing his 2007 FAP. On May 23, 2007, the Court dismissed the 2007 FAP without prejudice as a wholly unexhausted FAP for the same or similar reasons set forth in the Court's initial 04/10/07 Minute Order. (05/23/07 Mem. and Order, dkt. #5; Judgment, dkt. #6.)

Petitioner's 2007 FAP has no bearing on the Court's timeliness analysis. By AEDPA's express terms under § 2244(d)(2), the one-year limitation period is only tolled during the pendency of "a properly filed application for *State* post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2) (emphasis added). Section 2244(d)(2) does not toll the limitation period while a *federal* habeas petition is

---

[5] The Court takes judicial notice of its own records. Fed. R. Evid. 201.

[6] *See* 28 U.S.C. § 2243, Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and Local Rule 72-3.2.

pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Further, the pending action cannot "relate back" to the 2007 FAP because that action was dismissed without prejudice as a wholly unexhausted petition. *Rasberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006) ("a habeas petition filed after the district court dismisses a previous petition without prejudice for failure to exhaust state remedies cannot relate back to the original habeas petition"); *Dils v. Small*, 260 F.3d 984, 986 (9th Cir. 2001). Moreover, Petitioner does not qualify for the very narrow exception to this "relation back" rule because the 2007 FAP was *properly* dismissed.

**D. Alternative Start of the Statute of Limitations**

**1. State-Created Impediment**

In rare instances, AEDPA provides that its one-year limitation period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). Petitioner's filings do not set forth any facts that show he is entitled to relief under this provision.

**2. Newly Recognized Constitutional Right**

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitation period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(C); *see Dodd v. United States*, 545 U.S. 353, 357, 125 S. Ct. 2478 (2005) (construing identical language in § 2255 as expressing "clear" congressional intent that delayed accrual inapplicable unless the United States Supreme Court itself has made the new rule retroactive). Petitioner's filings do not set forth any facts that show he is entitled to relief under this provision.

### 3. Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *see also Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). In his attached Memorandum and "Declaration As To[] Any and All Delay" filed concurrently with his pending Petition, Petitioner contends he "is filing this [federal habeas] appeal [based on] newly discovered evidence [that] sometime this year" he discovered his trial counsel was suffering from brain tumor during his trial. (Pet. Mem. at 1, 3:14-23, 17:7-13; Pet'r Decl. Ex. DD at 1.) Petitioner contends he received knowledge of the newly discovered evidence of trial counsel's brain tumor and resulting deficient performance from Shon Curry, a fellow prison inmate who had the same defense counsel for his own separate trial. (*Id.*) In Shon Curry's declaration, which is signed and dated on January 9, 2008, Curry explained that "[i]t was stated on [the] record in my court proceeding that Frank E. Digiacomo [had] a [brain] tumor in which truly did effect my trial proceeding and his judgment to present an effective assistance in my defense. Frank E. Digiacomo['s] tumor was so bad it caus[ed] his death." (Curry Decl. Ex. A.)

To the extent Petitioner maintains that he is entitled to a later trigger date because he did not discover the factual predicate of his ineffective assistance of counsel ("IAC") claim raised in the pending Petition until "sometime this year," this argument lacks merit. As an initial matter, neither the face of the Petition or the attached 101 pages of exhibits, declarations, and other materials to the Petition demonstrate that Petitioner used due diligence to discover the factual predicate. Further, the evidence shows Petitioner knew, or through diligence could have discovered, the factual predicate of his IAC claim no later than January 9, 2008, the date Curry signed the declaration. (*Id.*) "'Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner

recognizes their legal significance.'" *Hasan*, 254 F.3d at 1154 n.3. Curry's declaration clearly contradicts Petitioner's allegation that he received this newly discovered evidence of his trial counsel's terminal medical illness "sometime this year [in 2009]."[7/] Regardless, even if the Court assumes the later trigger date of January 9, 2008, Petitioner's federal Petition still is not timely because a 14-month delay still far exceeds the one-year limitation period set forth under AEDPA. 28 U.S.C. § 2244(d)(1).

### E. Equitable Tolling

The United States Supreme Court has not yet decided whether AEDPA's limitation period allows for equitable tolling but it has assumed without deciding that it is available where the parties have agreed. *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079, 1085 (2007) ("We have not yet decided whether § 2244(d) allows for equitable tolling."); *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005) ("We have never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations.").

---

[7/] The Court observes Petitioner raised an IAC claim as early as July 21, 2006, the date he filed his first state habeas petition in the court of appeal (case no. B192463). (Pet. at 4, Attach. at 13-14; Official records of the California courts.) Specifically, Petitioner argued his trial counsel was ineffective for failing to "investigate the case adequately and . . . to interview prosecution witnesses." (Pet. at 4, Attach. at 13, ¶ 6(b)(4).) The court of appeal denied this claim "without prejudice to [P]etitioner filing a writ in [Los Angeles Superior Court] that includes 1) a declaration from trial counsel; 2) [P]etitioner's own declaration as to his efforts to contact trial counsel." (Official records of California courts.) Despite the court of appeal's specific order, the record shows Petitioner never filed a new habeas petition in the Los Angeles Superior Court. (*Id.*) Instead, he filed a second habeas petition raising the same claims in the same court of appeal (case no. B193777) that was summarily denied without comment. (Pet. at 4, Attach. at 13, ¶ 6a(4); Official records of California courts.) In light of the above, the Court finds that if Petitioner had complied with the court of appeal's order and filed a declaration from trial counsel with the superior court, he would have known, or through diligence would have discovered, the basis of his pending IAC claim as early as 2006.

1    Although the Ninth Circuit has found equitable tolling is available, *Harris v.*
2    *Carter*, 515 F.3d 1051, 1054 n.4. (9th Cir. 2008), it has repeatedly cautioned that
3    "[e]quitable tolling is justified in few cases," and that "the threshold necessary to
4    trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the
5    rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Miranda v. Castro*, 292
6    F.3d 1063, 1066 (9th Cir. 2002) (same). "This high bar is necessary to effectuate the
7    'AEDPA's statutory purpose of encouraging prompt filings in federal court in order
8    to protect the federal system from being forced to hear stale claims.'" *Mendoza v.*
9    *Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006).  Further, "[e]quitable tolling
10   determinations are 'highly fact-dependent,'" *Id*.  The petitioner "bears the burden of
11   showing that equitable tolling is appropriate." *Espinoza-Matthews v. California*, 432
12   F.3d 1021, 1026 (9th Cir. 2005).

13   Moreover, in *Pace*, the Supreme Court clearly established that "a litigant
14   seeking equitable tolling bears the burden of establishing two elements:  (1) that he
15   has been pursuing his rights diligently, and (2) that some extraordinary circumstance
16   stood in his way." *Lawrence*, 549 U.S. at 336; *Pace*, 544 U.S. at 418. *Pace*'s
17   diligence prong requires the petitioner to show he engaged in reasonably diligent
18   efforts to file his § 2254 petition throughout the time the limitation period was
19   running. *Mendoza*, 449 F.3d at 1070; *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d
20   Cir. 2000) (stating that equitable tolling requires a showing that "the party seeking
21   equitable tolling must have acted with reasonable diligence throughout the period he
22   seeks to toll" and "extraordinary circumstances prevented him from filing his petition
23   on time").  Further, the petitioner must demonstrate that he exercised reasonable
24   diligence in attempting to file his habeas petition after the extraordinary circumstances
25   began otherwise the "link of causation between the extraordinary circumstances and
26   the failure to file [is] broken." *Spitsyn*, 345 F.3d at 802.

27   Apparently recognizing that his Petition is time-barred, Petitioner contends
28   tolling is warranted because he "is ignorant [of] the law on how to file anything." This

1  contention is factually and legally frivolous.

2      First, it is factually frivolous because the relevant state court records, and records of this Court, indisputably establish that Petitioner knew how to file habeas petitions with the state and federal courts before he filed his pending Petition.

    Second, it is firmly established that a prisoner's ignorance of the law or lack of legal sophistication do not constitute extraordinary circumstances warranting equitable tolling. *See, e.g., Johnson v. United States*, 544 U.S. 295, 311, 125 S. Ct. 1571 (2005) ("[W]e have never accepted *pro se* representation alone of procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness"); *Rasberry*, 448 F.3d at 1154 ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling" of AEDPA's limitation period); *Hall v. Brown*, No. 07-06922-DDP (VBK), 2009 WL 435102, at *11 (Feb. 13, 2009) (same); *Ekenberg v. Lewis*, No. C 98-1450 FMS (PR), 1999 WL 13720, at *2 (N.D. Cal. Jan. 12, 1999) ("Ignorance of the law and lack of legal assistance do not constitute such extraordinary circumstances."); *Bolds v. Newland*, No. C 97-2103 VRW (PR), 1997 WL 732529, at *2 (N.D. Cal. Nov. 12, 1997) (same); *see also Hinton v. Pac. Enter.*, 5 F.3d 391, 396-97 (9th Cir. 1993) (mere ignorance of the law generally is an insufficient basis to equitably toll the running of an applicable statute of limitations); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (neither "lack of knowledge of applicable filing deadlines," nor "unfamiliarity with the legal process," nor "lack of representation during the applicable filing period," nor "illiteracy," provides a basis for equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (prisoner's lack of legal training, poor education, or illiteracy is an insufficient basis to toll the limitation period); *Mulholland v. Hornbeck*, No. EDCV 08-00823-MLG, 2008 WL 4554780, at *4 (C.D. Cal. Oct. 8, 2008) (neither "lack of education [nor] legal knowledge and expertise" warrant equitable tolling); *see also Lara v. Adams*, No. 1:08-CV-00706 OWW GSA HC, 2008 WL 4347746, at *4 (E.D. Cal. Sept. 22, 2008) (same); *Hughes v. Idaho State Bd. of Corr.*,

1 | 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy and lack of knowledge of law unfortunate
2 | but insufficient to establish "cause" for purposes of avoiding procedural bar on habeas
3 | claims).
4 | In light of the above, the Court finds Petitioner is not entitled to equitable
5 | tolling because he has failed to satisfy either of the *Pace* elements. Petitioner has
6 | failed to meet his burden of showing he was reasonably diligent in pursuing federal
7 | habeas relief throughout the time that AEDPA's limitation period was running; nor has
8 | he shown that he was prevented from filing a timely petition because of extraordinary
9 | circumstances.
10 |
11 | **O R D E R**
12 | Based upon the foregoing, the Court finds the Petition, attached Memorandum,
13 | exhibits, and relevant state court records indicate it is untimely. Accordingly,
14 | Petitioner shall have until **May 4, 2009**, to file a written response and show cause why
15 | his Petition should not be dismissed with prejudice because it is time-barred. In
16 | responding to this Order, Petitioner must show by declaration and properly
17 | authenticated exhibits what, if any, factual or legal basis he has for claiming that the
18 | Court's foregoing analysis is factually or legally incorrect, or that AEDPA's one-year
19 | statute of limitations should be tolled, or the start date extended. If Petitioner contends
20 | he is entitled to tolling because of a lack of access to the prison law library due to a
21 | purported lockdown or some other state-created impediment, his written response must
22 | be supported by a declaration from the warden or prison librarian verifying that the
23 | law library and library materials were unavailable throughout the relevant time period
24 | because of the lockdown or other stated reason. Further, Petitioner must demonstrate
25 | that, during the time that access to the prison law library was allegedly unavailable,
26 | he made requests for legal materials to be brought to his cell and those requests were
27 | denied.
28 | ///

**Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive his right to do so and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred. Further, if Petitioner determines the Court's above analysis is correct and the Petition is clearly time-barred, he should file a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.**

IT IS SO ORDERED.

DATED: April 13, 2009

_____
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE