FILED
CLERK, U.S. DISTRICT COURT

JUN - 8 2009

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RICKY BROWN, | Case No. CV 09-01837 VAP (AN) |
| Petitioner, | **MEMORANDUM AND ORDER DISMISSING HABEAS PETITION AS TIME-BARRED** |
| v. | |
| T. PEREZ, WARDEN, | |
| Respondent. | |

Before the Court is a petition for writ of habeas corpus ("Petition") brought pursuant to 28 U.S.C. § 2254 by Ricky Brown ("Petitioner"), a state prisoner proceeding *pro se*. For the reasons discussed below, the Petition is dismissed with prejudice because the Court finds it is time-barred.

///
///
///

## I. BACKGROUND

The Petition raises two claims for relief directed at Petitioner's state custody arising from his 2004 conviction for second degree murder while personally using a firearm and the related 40 years to life prison sentence he sustained following a jury trial in the California Superior Court for Los Angeles County (case no. TA075005). (Pet. at 2.)

On direct review, the California Court of Appeal (case no. B181531) affirmed the judgment of conviction and sentence in a reasoned opinion filed on October 26, 2005. (Pet. at 2; Official records of California courts.[1/]) The California Supreme Court (case no. S139385) denied the petition for review on January 4, 2006. (Pet. at 3; Official records of California courts.) On collateral review, Petitioner filed five habeas petitions with the state appellate courts, all of which were denied.[2/]

On March 7, 2009, Petitioner constructively filed[3/] his pending Petition.

---

[1/] The Court takes judicial notice of Petitioner's records in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

[2/] *See Brown v. The People et al.*, No. B192463, Cal. App. Ct., 2d Dist./Div. 1 (filed July 21, 2006, denied Aug. 4, 2006); *Brown v. The People et al.*, No. B193777, Cal. App. Ct., 2d Dist./Div. 1 (filed Sept. 19, 2006, denied Oct. 27, 2006); *Brown (Ricky Lavon) on H.C.*, No. S154903, Cal. Sup. Ct. (filed July 30, 2007, denied Jan. 23, 2008); *Brown v. The People*, No. B208990, Cal. App. Ct., 2d Dist./Div. 1 (filed July 3, 2008, denied July 18, 2008); *Brown (Ricky Lavon) on H.C.*, No. S165575, Cal. Sup. Ct. (filed July 31, 2008, denied Jan. 28, 2009). (Pet. at 4; Official records of California courts.)

[3/] Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The mailbox rule also applies to *pro se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (continued...)

Pursuant to the Court's duty to screen § 2254 petitions, the Magistrate Judge found the Petition and relevant state court records plainly disclosed this action was barred by the one-year statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. §2244(d)(1)(A). Accordingly, on April 13, 2009, the Magistrate Judge issued an order to show cause that notified Petitioner the action appeared to be time-barred absent some basis for tolling or an alternative start to AEDPA's one-year limitation period under 28 U.S.C. § 2244(d)(1)(B)-(D). (*See* 4/13/09 Order to Show Cause Re Dismissal of Habeas Petition As Time-Barred ("OSC"), Dkt. #4.) The OSC discussed the various bases for tolling and directed Petitioner to show cause why the action was not time-barred by filing a written response no later than May 4, 2009. (OSC at 2-14.) The OSC warned Petitioner that his failure to file a timely response to the OSC would result in a waiver of his right to respond to the OSC, and that his Petition would be dismissed with prejudice as time-barred without further notice. (OSC at 15:1-6.) Petitioner filed a timely response to the OSC.[4] (Dkt. #5.) The matter now stands submitted.

///

///

---

[3] (...continued) (9th Cir. 2003). The pending Petition was filed by the Clerk on March 17, 2009, however, for purposes of the timeliness analysis, the Court gives Petitioner the benefit of the doubt by assuming he constructively filed the Petition on March 7, 2009, the date he signed the Petition and its proof of service. (Pet. at 8; Proof of Service.)

[4] Petitioner's OSC Response, including the attached exhibits and appendixes, is 22 pages in length. Further, the pending Petition, including the attached exhibits, declarations, and other materials, is 101 pages in length. (Dkt. #1.) The pages of these documents are not consecutively numbered from the first page in violation of the pagination requirements of Local Rule 11-3.3. Consequently, for convenience and clarity, this Memorandum and Order shall cite to the pages of Petitioner's foregoing papers by referring to the electronic pagination supplied by the Court's CM/ECF official electronic document filing system.

## II. DISCUSSION

**A.  Standard of Review**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001). The OSC constitutes adequate notice.

**B.  Statute of Limitations**

The Petition is governed by AEDPA, which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court, because the Petition was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As discussed above, on January 4, 2006, the California Supreme Court ended Petitioner's direct review by denying his petition for review. Petitioner never filed a petition for certiorari with the United States Supreme Court, therefore, for purposes of AEDPA's limitation period, Petitioner's judgment became final on April 4, 2006,

the ninetieth day after the state high court denied his petition for review and the last date for him to file a petition for certiorari with the Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of limitations then started to run the next day, April 5, 2006, and ended a year later on April 4, 2007. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Petitioner did not sign, date, and constructively file his pending Petition in this matter until March 7, 2009 -- 703 days after the expiration of the limitation period.

Accordingly, absent some basis for tolling or an alternative start date to AEDPA's limitation period under 28 U.S.C. § 2244(d)(1), the pending Petition is time-barred.

**C.     Statutory Tolling**

   **1.     State Habeas Petitions**

AEDPA provides a statutory tolling provision that suspends the limitation period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The limitation period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). On collateral review, however, "intervals between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the scope of the statutory word 'pending'" thus tolling the limitations period. *Saffold*, 536 U.S. at 221, 223; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006) (*citing Saffold*).

On July 21, 2006 -- 107 days after the one-year limitation period started to run on April 5, 2006 -- Petitioner filed his first state habeas petition with the court of appeal, leaving 258 days remaining before the limitation period expired. Under AEDPA, Petitioner is not entitled to statutory tolling for this 107-day period because there was no case "pending" during this interval. *See Thorson*, 479 F.3d at 646; *Nino*, 183 F.3d at 1006.

Petitioner is entitled to statutory tolling from July 21, 2006, to October 27, 2006, the 98-day period during which his first and second state habeas petitions were pending and later denied in the court of appeal (case nos. B192463, B193777). (Pet. at 4; Official records of California courts; *see supra* n.2.)  28 U.S.C. § 2244(d)(2); *Bonner*, 425 F.3d at 1148. Given 98 days of statutory tolling, the limitation period was extended from April 4, 2007, to July 11, 2007.

Petitioner then waited until July 30, 2007 -- another 276 days after his second state habeas petition was denied on October 27, 2006 -- to file his third state habeas petition with the state high court.[5] Based upon *Chavis*, the Court finds this unexplained, unjustified 276-day delay unreasonable under California law.

In *Chavis*, the United States Supreme Court held that, in the absence of a clear

---

[5] The California Supreme Court denied Petitioner's third habeas petition on January 23, 2008, with pinpoint citations to *In re Swain*, 34 Cal. 2d 300, 304 (1949) and *People v. Duvall*, 9 Cal. 4th 464, 474 (1995). (Official records of California courts.) The pinpoint citations to *Swain* and *Duvall* reflect the state court found the petition raised a claim that failed to "allege with sufficient particularity the facts warranting habeas relief." *King v. Roe*, 340 F.3d 821, 823 (9th Cir. 2003), *abrogated on other grounds by Chavis*, 546 U.S. at 189, *as recognized by Waldrip*, 548 F.3d at 733-35; *see also Gaston v. Palmer*, 417 F.3d 1030, 1039 (9th Cir. 2005) (characterizing a denial order based on *Swain* and *Duvall* as the equivalent of "the grant of a demurrer with leave to refile" under California law, namely, "a holding that [the petitioner] has not pled facts with sufficient particularity"), *as modified on other grounds by* 447 F.3d 1165 (9th Cir. 2006); *Rosales v. Dawson*, No. SACV 08-174-DSF (AGR), 2008 WL 5233197, at *5 (C.D. Cal., Dec. 12, 2008) (same).

direction or explanation from the California Supreme Court as to what constitutes a "reasonable time" (or the legislative enactment of a determinate time limit), federal courts must conduct a case-by-case determination of whether the subject filing delay "was made within what California would consider a 'reasonable time.'" *Chavis*, 546 U.S. at 198-99. The Supreme Court applied the foregoing principles and found "a totally unexplained, hence unjustified" period of at least six months filing delay to be unreasonable under California law. *Id.* at 201. The Supreme Court stated:

> [s]ix months ... is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court. (citation omitted). It is far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court (citation omitted). We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing delay 'reasonable.' Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word 'pending' as interpreted in *Saffold*.

*Id.* Additionally, the Supreme Court provided the following guidance for determining timeliness:

> [T]he Circuit must keep in mind that, in *Saffold*, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of other States, i.e., that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules.

*Id.* at 199-200 (*citing Saffold*, 536 U.S. at 222-23); *see also* Cal. R. Ct. 28(e)(1) (allowing only ten days to file a petition for review of a decision by the court of appeal, including habeas corpus decisions.)

In light of *Chavis*, and based on Petitioner's failure to set forth in his Petition and OSC Response any facts or explanation for the significant delay, this Court finds that Petitioner is not entitled to statutory tolling for the unexplained and unjustified 276-day delay between the denial of his second state habeas petition in the court of appeal and the filing of his third habeas petition in the state high court. It is clearly "longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court," and "far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court." *Chavis*, 546 U.S. at 199-200 (finding no bright line rule, but determining six month delay not reasonable); *Gaston v. Palmer*, 447 F.3d 1165, 1167 (9th Cir. 2006) (10, 15, and 18 months delay unreasonable); *Wilson v. Evans*, No. CV 07-7978-MMM (SH), 2009 WL 890721, at *3 (C.D. Cal. Mar. 31, 2009) (111-day delay unreasonable); *Forrister v. Woodford*, No. 1:05-CV-00170 LJO WMW HC, 2007 WL 809991, at *2-3 (E.D. Cal. Mar. 15, 2007) (88-day delay unreasonable); *Ray v. Marshall*, No. CV F 06-1898 DLB HC, 2007 WL 3096157, at *3-4 (E.D. Cal. Oct. 22, 2007) (139-day delay unreasonable); *Jackson v. Ollison*, No. 06-CV-1123-IEG(AJB), 2007 WL 433188, at *5 (S.D. Cal. Jan. 23, 2007) (8-month delay unreasonable).

Accordingly, Petitioner is not entitled to statutory tolling for the subsequently filed habeas petitions that he filed in the state appellate courts because they were filed after the extended expiration of the statute of limitations period and have no tolling consequence. (*See supra* n.2, case nos. S154903, B208990, S165575.) *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254 does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (stating that filing of state petition after AEDPA's one-year time period has elapsed bars federal habeas review); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled"). Therefore, the two claims raised

in the instant Petition are untimely by 605 days (the amount of untolled time between the extended limitation deadline (07/11/07) and the Petition's constructive filing date (03/07/09).)

## 2. 2007 Federal Proceedings[6/]

On April 2, 2007, Petitioner, through his retained counsel, filed a federal habeas petition in this Court ("2007 Petition") that raised two claims. (Case No. CV 07-02155 VAP (AN), Dkt. #1.) On April 10, 2007, pursuant to the Court's duty to screen habeas petitions before service,[7/] the 2007 Petition was dismissed without prejudice and with leave to file a First Amended Petition ("FAP") because both claims were unexhausted. (04/10/07 Minute Order, Dkt. #3.) On April 20, 2007, Petitioner responded to the 04/10/07 Minute Order by filing his 2007 FAP. On May 23, 2007, the Court dismissed the 2007 FAP without prejudice as a wholly unexhausted FAP for the same or similar reasons set forth in the Court's initial 04/10/07 Minute Order. (05/23/07 Mem. and Order, Dkt. #5; Judgment, Dkt. #6.)

Petitioner's 2007 FAP has no bearing on the Court's timeliness analysis. By AEDPA's express terms under § 2244(d)(2), the one-year limitation period is only tolled during the pendency of "a properly filed application for *State* post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2) (emphasis added). Section 2244(d)(2) does not toll the limitation period while a *federal* habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Further, the pending action cannot "relate back" to the 2007 FAP because that action was dismissed without prejudice as a wholly unexhausted petition. *Rasberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006) ("a habeas petition filed after the district court dismisses a previous petition without prejudice for failure to exhaust state remedies cannot relate back to

---

[6/] The Court takes judicial notice of its own records. Fed. R. Evid. 201.

[7/] See 28 U.S.C. § 2243, Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and Local Rule 72-3.2.

the original habeas petition"); *Dils v. Small*, 260 F.3d 984, 986 (9th Cir. 2001). Moreover, Petitioner does not qualify for the very narrow exception to this "relation back" rule because the 2007 FAP was *properly* dismissed.

### D. Alternative Start of the Statute of Limitations

#### 1. State-Created Impediment

In rare instances, AEDPA provides that its one-year limitation period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). Petitioner's filings do not set forth any facts that show he is entitled to relief under this provision.

#### 2. Newly Recognized Constitutional Right

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitation period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(C). Petitioner's filings do not set forth any facts that show he is entitled to relief under this provision.

#### 3. Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *see also Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001).

Petitioner contends he "is filing this [federal habeas] appeal [based on] newly discovered evidence [that] sometime this year [2009]" he discovered that his trial counsel was ineffective because he was suffering from brain tumor during his trial.

(Pet. at 17, 19, 21:14-23, 35:7-13; Resp. at 4-5.) Petitioner contends he received this information from Shon Curry, a fellow prison inmate who had the same defense counsel for his own separate trial. (*Id.*) In support of his contention, Petitioner proffers a declaration from Curry that was clearly handwritten by Petitioner and purportedly signed and dated by Curry on January 9, 2008. (Pet. at 48-49, Curry Decl. Ex. A.) In this declaration, Curry states that "[i]t was stated on [the] record in my court proceeding that Frank E. Digiacomo [had] a [brain] tumor in which truly did effect [sic] my trial proceeding and his judgment to present an effective assistance in my defense. Frank E. Digiacomo['s] tumor was so bad it caus[ed] his death." (*Id.*)

To the extent Petitioner appears to contend that he is entitled to a later trigger date because he did not discover the factual predicate of his ineffective assistance of counsel ("IAC") claim that is raised in the pending Petition until "sometime this year," this argument lacks merit. As an initial matter, nothing in the Petition or the OSC Response demonstrate that Petitioner used due diligence to discover the factual predicate. Further, the Curry declaration firmly establishes that Petitioner has known about the factual predicate for his IAC claim since January 9, 2008, the date he prepared the Curry declaration and obtained Curry's signature. (*Id.*) "'Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'" *Hasan*, 254 F.3d at 1154 n.3. Curry's declaration clearly contradicts Petitioner's allegation that he received this newly discovered evidence of his trial counsel's terminal medical illness "sometime this year [in 2009]."[8/] Regardless, even if the Court assumes the later trigger date of

---

[8/] The Court further observes that Petitioner raised an IAC claim as early as July 21, 2006, the date he filed his first state habeas petition with the state court of appeal (case no. B192463). (Pet. at 4, 11-12; Official records of the California courts.) Specifically, Petitioner argued his trial counsel was ineffective for failing to "investigate the case adequately and . . . to interview prosecution witnesses." (Pet. (continued...)

January 9, 2008, Petitioner's federal Petition still is not timely because a 14-month delay still far exceeds the one-year limitation period set forth under AEDPA. 28 U.S.C. § 2244(d)(1).

### E. Equitable Tolling

The United States Supreme Court has not yet decided whether AEDPA's limitation period allows for equitable tolling but it has assumed without deciding that it is available where the parties have agreed. *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007) ("We have not yet decided whether § 2244(d) allows for equitable tolling."); *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005) ("We have never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations").

Although the Ninth Circuit has found equitable tolling is available, *Harris v. Carter*, 515 F.3d 1051, 1054 n.4. (9th Cir. 2008), it has cautioned "[e]quitable tolling is justified in few cases," and that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (same). "This high bar is necessary to effectuate the 'AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal

---

**8/** (...continued)
at 4, 11 at ¶ 6(b)(4).) The court of appeal denied this claim "without prejudice to [P]etitioner filing a writ in [Los Angeles Superior Court] that includes 1) a declaration from trial counsel; 2) [P]etitioner's own declaration as to his efforts to contact trial counsel." (Official records of California courts.) Despite the court of appeal's specific order, the record shows Petitioner never filed a new habeas petition with the superior court. (*Id.*) Instead, he filed a second habeas petition with the court of appeal that raised the same claims (case no. B193777) that was summarily denied without comment. (Pet. at 4, 11 at ¶ 6a(4); Official records of California courts.) Moreover, had Petitioner complied with the court of appeal's order by diligently seeking a declaration from his trial counsel, it is very likely that Petitioner would have discovered the factual predicate of his IAC claim as early as 2006.

system from being forced to hear stale claims.'" *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006). Further, "[e]quitable tolling determinations are 'highly fact-dependent.'" *Id.* The petitioner "bears the burden of showing that equitable tolling is appropriate." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

Moreover, in *Pace*, the Supreme Court clearly established that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 549 U.S. at 336; *Pace*, 544 U.S. at 418. *Pace*'s diligence prong requires the petitioner to show he engaged in reasonably diligent efforts to file his § 2254 petition throughout the time the limitation period was running. *Mendoza*, 449 F.3d at 1070; *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (stating that equitable tolling requires a showing that "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll" and "extraordinary circumstances prevented him from filing his petition on time"). Further, the petitioner must demonstrate that he exercised reasonable diligence in attempting to file his habeas petition after the extraordinary circumstances began otherwise the "link of causation between the extraordinary circumstances and the failure to file [is] broken." *Spitsyn*, 345 F.3d at 802.

By way of his Petition and response to the OSC, Petitioner contends tolling is warranted because he "is ignorant [of] the law on how to file anything." (Pet. at 18:6-7; Resp. at 5:6-7.) This contention is factually and legally frivolous.

First, it is factually frivolous because the relevant state court records and records of this Court indisputably establish that Petitioner knew how to file habeas petitions with the state and federal courts before he filed his pending Petition.

Second, it is firmly established that a prisoner's ignorance of the law or lack of legal sophistication do not constitute extraordinary circumstances warranting equitable tolling. *See, e.g., Johnson v. United States*, 544 U.S. 295, 311, 125 S. Ct. 1571 (2005) ("[W]e have never accepted *pro se* representation alone of procedural ignorance as an

excuse for prolonged inattention when a statute's clear policy calls for promptness"); *Rasberry*, 448 F.3d at 1154 ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling" of AEDPA's limitation period); *Hall v. Brown*, No. 07-06922-DDP (VBK), 2009 WL 435102, at *11 (Feb. 13, 2009) (same); *Ekenberg v. Lewis*, No. C 98-1450 FMS (PR), 1999 WL 13720, at *2 (N.D. Cal. Jan. 12, 1999) ("Ignorance of the law and lack of legal assistance do not constitute such extraordinary circumstances."); *Bolds v. Newland*, No. C 97-2103 VRW (PR), 1997 WL 732529, at *2 (N.D. Cal. Nov. 12, 1997) (same); *see also Hinton v. Pac. Enter.*, 5 F.3d 391, 396-97 (9th Cir. 1993) (mere ignorance of the law generally is an insufficient basis to equitably toll the running of an applicable statute of limitations); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (neither "lack of knowledge of applicable filing deadlines," nor "unfamiliarity with the legal process," nor "lack of representation during the applicable filing period," nor "illiteracy," provides a basis for equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (prisoner's lack of legal training, poor education, or illiteracy is an insufficient basis to toll the limitation period); *Mulholland v. Hornbeck*, No. EDCV 08-00823-MLG, 2008 WL 4554780, at *4 (C.D. Cal. Oct. 8, 2008) (neither "lack of education [nor] legal knowledge and expertise" warrant equitable tolling); *see also Lara v. Adams*, No. 1:08-CV-00706 OWW GSA HC, 2008 WL 4347746, at *4 (E.D. Cal. Sept. 22, 2008) (same); *Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy and lack of knowledge of law unfortunate but insufficient to establish "cause" for avoiding procedural bar on habeas claims).

In light of the above, the Court finds Petitioner is not entitled to equitable tolling because he has failed to satisfy either of the *Pace* elements. Petitioner has failed to meet his burden of showing he was reasonably diligent in pursuing federal habeas relief throughout the time that AEDPA's limitation period was running; nor has he shown that he was prevented from filing a timely petition because of extraordinary circumstances.

**O R D E R**

For the reasons stated above and in the Court's OSC, the Court finds the Petition must be dismissed because the claims are time-barred. Further, by way of the OSC, the Court finds Petitioner has already received notice and an opportunity to show cause why the Petition should not be dismissed as time-barred. ACCORDINGLY, IT IS HEREBY ORDERED THAT the reference to the Magistrate Judge is vacated and the Petition is dismissed with prejudice. The Clerk is directed to enter judgment dismissing the action with prejudice. Any and all pending motions are terminated.

DATED: _June 5, 2009

_____
VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

Presented by:

/ s / ARTHUR NAKAZATO
Arthur Nakazato
United States Magistrate Judge